IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY L. HARTLAUB, | : | Civ. No. 1:20-CV-910 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MANUFACTURERS AND | : | |
| TRADERS TRUST COMPANY, | : | |
| | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Defendant Manufacturers and Traders Trust Company's ("M&T") motion to dismiss for failure to state a claim. (Doc. 13.) For the reasons set forth below, the motion will be granted.

**I.      BACKGROUND**

The following facts from Ms. Hartlaub's amended complaint are taken as true for the purpose of resolving M&T's motion to dismiss. From 1985 until July 2019, Ms. Hartlaub was employed by M&T as a bank teller at its Dart Drive branch. (Doc. 11, ¶ 9.) On June 27, 2019, a Caucasian male, known by Ms. Hartlaub as a long-time customer of the bank, entered the branch. (*Id.* ¶ 14.) The customer approached the teller window of Diamond Toles, the only employee of color at the branch at the time. As he approached the window, the customer asked Ms. Hartlaub, who was stationed at the adjoining window and tending to paperwork, "are you raising dogs now?" (*Id.* ¶¶ 14, 15, 17.) Ms. Hartlaub asked the customer to repeat his question,

1

and after he did so, Ms. Hartlaub replied "just the good ones." (*Id.* ¶ 18.) The customer then left the branch without further interaction. (Doc. 11 ¶ 19.)

Ms. Toles subsequently filed a racial harassment complaint with M&T's management alleging that the remark about "raising dogs" was a derogatory reference to her. (*Id.*) On July 11, 2019, M&T personnel interviewed Ms. Hartlaub about the exchange. (*Id.* ¶ 21.) Ms. Hartlaub explained during the meeting that she thought the customer was asking about the bank's dog policy, that she harbored no racial animus, and that she was not aware of any potential derogatory subtext to the customer's remarks. (*Id.* ¶¶ 18, 21.)[1] Following the interview, M&T terminated Ms. Hartlaub's employment. (*Id.* ¶ 22.)

On June 4, 2020, Ms. Hartlaub initiated this action against M&T by filing a complaint, which she voluntarily amended on August 6, 2020. The amended complaint asserts one claim for age discrimination under the Age Discrimination Employment Act of 1967 (Count I) and one claim for race discrimination under 42 U.S.C. § 1981 (Count II). On August 27, 2020, M&T filed a motion to dismiss Count II for failure to state claim. (Doc. 13.) The motion has been fully briefed and is ripe for review.

---

[1] The Dart Drive branch allowed customers to bring dogs into the bank and the tellers kept dog treats for such occasions. (Doc. 11, ¶ 18.) Ms. Hartlaub does not allege, however, that there were any dogs inside the branch at the time of the exchange.

2

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In reviewing a Rule 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted*); see In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The court need not, however, draw unreasonable inferences from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets this pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). The final step is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  **DISCUSSION**

Section 1981 of the Civil Rights Act protects every citizen's right to make and enforce contracts. 42 U.S.C. § 1981(a). In the context of employment, the statute prohibits employers from hiring, firing, or promoting employees based on race. *Id.* § 1981(b). To state a claim under Section 1981, the plaintiff must allege that the defendant intended to discriminate on the basis of race, and the discrimination concerned one or more of the activities enumerated in Section 1981. *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 685 (E.D. Pa. 2018) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). The plaintiff must plead a specific factual basis to support an inference of discrimination, which may be accomplished by showing disparate impact, departure from procedural norms, or a history of discriminatory intent. *Frederick v. Se. Penn. Transp. Auth.*, 892 F.Supp. 122, 125 (E.D.Pa. 1995); *Kornegey*, 299 F. Supp. 3d at 685. Conclusory allegations about generalized racial bias, however, are insufficient to state a claim. *Kornegey*, 299 F. Supp. 3d at 685.

Here, M&T's motion correctly argues that Ms. Hartlaub fails to state a claim under Section 1981 because the amended complaint does not allege facts to support that her termination was motivated by race discrimination. Regardless of the

soundness of M&T's conclusion that the exchange between Ms. Hartlaub and the customer was intended as discriminatory, nothing in the amended complaint indicates that discrimination toward Ms. Hartlaub's race played a role in her termination.

The Statement of Positions letter attached to the complaint from M&T's attorneys to the EEOC does not create an inference of discrimination. While the letter noted the races of Ms. Toles and the customer, discussed the surrounding area's racial demographics, and made clear that Ms. Toles was the only employee of color at the branch, none of these considerations raise a plausible inference that Ms. Hartlaub was terminated due to her race. (*See* Doc. 11-1.) The amended complaint thus fails to state a discrimination claim under 42 U.S.C. § 1981(a) and Count II will be dismissed without prejudice to Ms. Hartlaub's right to amend her claim within 21 days.

## IV. CONCLUSION

For the reasons set forth above, Ms. Hartlaub's claim for race discrimination will be dismissed without prejudice. An appropriate order shall follow.

Dated: March 1, 2021

*/s/ Sylvia H. Rambo*
Sylvia H. Rambo
United States District Judge

5